86 F.3d 1164
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Mauro GUEL-PEREZ, Defendant-Appellant.
 No. 95-30221.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guel-Perez appeals from the district court's restitution order following his guilty plea to Interstate Transportation with Intent to Engage in Sexual Activity, in violation of 18 U.S.C. § 2423(a), and Travel Interstate with Intent to Engage in Sexual Activity with a Juvenile, in violation of 18 U.S.C. § 2423(b). The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 
 3
 We review the court's restitution order for an abuse of discretion provided that it is within the bounds of the statutory framework. United States v. Rice, 38 F.3d 1536, 1540 (9th Cir.1994). The legality of a restitution order is reviewed de novo, id., while the district court's factual findings are reviewed for clear error. Id.
 
 
 4
 Guel-Perez challenges the district court's restitution order on three grounds. First, he argues that the order should be reversed because the 13-year old girl with whom he had sexual intercourse did not suffer a physical injury. Guel-Perez failed to raise this argument below and where an objection is raised for the first time on appeal, we ordinarily do not consider it. See United States v. Monroe, 943 F.2d 1007, 1018 n. 12 (9th Cir.1991), cert. denied, 503 U.S. 971 (1992). We have recognized three narrow exceptions to this general rule. They are: "(1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change in law raises a new issue while an appeal is pending, and (3) when the issue is purely one of law." United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993). None of these exceptions applies here. Our refusal to review the merits of Guel-Perez's argument would not result in a miscarriage of justice. Our recent decision in United States v. Dayea, 73 F.3d 229, 231 (9th Cir.1995) (reversing restitution order because wife suffered no physical injury from defendant's involuntary manslaughter of her husband), which Guel-Perez cites in his reply brief, raises no new issue of law. Finally, whether a physical injury occurred is a highly fact-intensive inquiry. Thus, we decline to review Guel-Perez's claim. Accord United States v. Haggard, 41 F.3d 1320, 1329 (9th Cir.1994) (where defendant failed to challenge restitution order on ground of no physical injury, court refused to consider the claim on appeal because defendant "stripped the [district] court of its opportunity to develop the record as to the nature and extent of the [victim's] injuries").
 
 
 5
 Second, Guel-Perez insists that the district court lacked authority to order restitution for expenses that will be incurred in the future or to allow the probation office to set restitution and a payment schedule. Restitution for psychological services is within the statutory framework, 18 U.S.C. § 3663(b)(2)(A), and it was well within the district court's discretion to order restitution for future counseling sessions. In addition, we have long held that a district court, so long as it sets the maximum amount of restitution, may delegate authority to the probation office to determine the timing and manner of payments. United States v. Barany, 884 F.2d 1255, 1259-60 (9th Cir.1989) (interpreting Federal Probation Act), cert. denied, 493 U.S. 1034 (1990); see also United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992) (where court sets upper restitution limit, discretion delegated to probation officer is sufficiently limited to satisfy requirements in Victim and Witness Protection Act); United States v. Parrott, 992 F.2d 914, 916 (9th Cir.1993) ("precedents interpreting the [Federal Probation Act] apply equally to the [Victim and Witness Protection Act]" with respect to requirement that amount of restitution be established by "judicial determination").
 
 
 6
 Finally, Guel-Perez argues that the district court failed to consider his lack of financial resources and lack of future earning capacity before ordering restitution. Before a restitution award may be imposed, the sentencing court must consider a defendant's ability to pay. 18 U.S.C. § 3664(a); United States v. Smith, 944 F.2d 618, 623 (9th Cir.1991), cert. denied, 503 U.S. 951 (1992). Neither indigence nor a present inability to pay precludes the imposition of restitution provided there is "some evidence" in the record that defendant "may be able to pay restitution in the amount ordered in the future." United States v. Ramilo, 986 F.2d 333, 336 (9th Cir.1993). The district court is not required to make factual findings on the defendant's financial condition before imposing restitution. United States v. Cannizzaro, 871 F.2d 809, 810-11 (9th Cir.), cert. denied, 493 U.S. 895 (1989). However, the record must reflect that the district court had at its disposal information bearing on defendant's ability to pay. Id. at 811.
 
 
 7
 The record shows that before imposing restitution, the district court considered Guel-Perez's financial status. The court heard Guel-Perez's counsel insist that Guel-Perez has no financial resources. The court considered Guel-Perez's financial resources and decided not to impose a fine. Furthermore, the record contains evidence of Guel-Perez's future ability to pay restitution. Guel-Perez's counsel argued that he was a "good worker, dependable, hard working." Although Guel-Perez's prior employer might not rehire him, there is no evidence to suggest that Guel-Perez will be unable to find work elsewhere. See 18 U.S.C. § 3664(d) (burden on defendant to show financial resources and needs). On the record before us, we cannot say that the district court clearly erred by ordering restitution.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3