**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 00-5103

JARROD SEAN THOMAS JULIAN,

Defendant-Appellant.

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA
### (D.C. No. 99-CR-150-BU)

---

Submitted on the briefs:

Stephen C. Lewis, United States Attorney, Susan K. Morgan, Assistant United States Attorney, Tulsa, Oklahoma, for Plaintiff-Appellee.

Michael G. Katz, Federal Public Defender, Jenine Jensen, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

**MURPHY** , Circuit Judge.

---

After pleading guilty to three violations of 18 U.S.C. § 371 and 18 U.S.C. § 2251(a) & (b), defendant Jarrod Sean Thomas Julian was sentenced to 210 months' imprisonment. He was ordered to pay restitution of $3,195 for past medical and counseling expenses to one of his child victims and the Oklahoma Department of Human Services. Defendant appeals from that portion of the judgment imposing liability for future counseling or treatment costs required by one of the victims. Appellant's App. Vol. I, Doc. 93 at 4. Our jurisdiction arises under 18 U.S.C. § 3742(a). [1]

To protect the privacy of the young victims in this case, we limit the factual discussion to state only that defendant committed multiple acts of child sexual abuse and exploitation over a period of many years. When defendant's crimes were finally discovered in 1999, the victims were taken into state custody, where they commenced counseling.

Defendant's challenge to the judgment ordering him to pay for one of his victim's future counseling expenses is premised on three arguments: (1) the restitution statutes do not specifically provide for restitution for future costs or expenses; (2) the judgment for future counseling costs was neither properly

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

limited to a specific amount nor based on any evidence in the record; and (3) his due process rights were violated because he did not have notice or an opportunity to contest that portion of the judgment imposing liability for future counseling expenses. We review *de novo* the legality of a sentence, i.e., the method or process used by a district court to determine a proper sentence. *United States v. Diamond*, 969 F.2d 961, 965 (10th Cir. 1992). Because defendant did not object to an award of future counseling costs at his sentencing hearing, we review for plain error. *United States v. Johnson*, 183 F.3d 1175, 1178-79 (10th Cir. 1999).

**A. Authority to order restitution for future counseling expenses.**

"Federal courts possess no inherent authority to order restitution and may only do so as explicitly empowered by statute." *United States v. Nichols*, 169 F.3d 1255, 1278 (10th Cir.) (quotation omitted), *cert. denied*, 528 U.S. 934 (1999). Defendant premises his first argument in part upon an assertion that the district court ordered restitution under 18 U.S.C. § 3663A, the general mandatory restitution statute. He bases this assertion upon the fact that defendant's probation officer recommended restitution under this statute in one paragraph of the presentence report. We note, however, that the presentence report also requests restitution, and defendant's plea agreement specifically references restitution, under 18 U.S.C. § 2259, the mandatory restitution statute for sex crimes involving children. Further, the government specifically cited § 2259 as

the basis for restitution at the sentencing hearing. Appellant's App. Vol. V at 15. The district court cited no restitution statute in its written order; it did, however, make reference to § 3663A during the sentencing hearing. *Id.* at 19. However, even if the district court erroneously used the general, rather than the specific restitution statute as a basis for its judgment, *cf., e.g., Busic v. United States*, 446 U.S. 398, 406 (1980) (stating that "a more specific [criminal] statute will be given precedence over a more general one"), *superceded by statute on other grounds as stated in United States v. Gonzales*, 520 U.S. 1 (1997), it is the language of § 2259 with which we are concerned in determining whether the court had statutory authority and discretion to award future costs for counseling.

Section 2259(b) provides for mandatory restitution of "the full amount of the victim's losses," which includes "*any* costs *incurred* by the victim" for "medical services relating to physical, psychiatric, or psychological care." (emphasis added). In *United States v. Laney*, 189 F.3d 954 (9th Cir. 1999), a case with similar facts, the Ninth Circuit held that this language authorized compensation for future counseling expenses. *Id.* at 967. The court reasoned that the statute is "phrased in generous terms," noting that the word "incur" means "become liable or subject to." *Id.* at 966 (quoting WEBSTER'S THIRD NEW INT'L DICTIONARY 1146 (1986)). Defendant's argument that Congress purposefully used the past tense of "incur" so that only past counseling expenses are

referenced is unavailing. The sentence structure in the statute calls for the particular verb form, but the statute provides for "full" recovery of "any" counseling costs for which the victim became liable, which includes future losses. As a consequence, verb tense does not restrict restitution to those costs incurred up to the time of sentencing.

We note that § 2259 and the other two mandatory restitution statutes associated with violence against women and children which were adopted at the same time, *see* 18 U.S.C. §§ 2248 & 2264, are much broader than § 3663A. As mentioned above, these three statutes use the terms " *full* amount of the victim's losses" for " *any* costs *incurred* " for physical, psychiatric, or psychological care, and also include restitution for " *any other losses* suffered by the victim as a proximate result of the offense" (emphasis added). None of the italicized language appears in § 3663A(b), which mandates only payment of amounts "equal to the cost of necessary medical and related professional services" and other specific costs.

Further, as the Ninth Circuit pointed out, the legislative history of the statutes forbidding sexual exploitation of children and imposing mandatory restitution for psychological counseling also supports our interpretation. "Congress was well aware that children victimized by sexual abuse often do not recover quickly from their injuries." *Laney* , 189 F.3d at 966 (citing S. Rep. No.

104-358, at 14 (1996)).  Indeed, the legislative history of the amended statutes prohibiting the use of children in pornography cites and quotes broadly from the seminal case of  *New York v. Ferber* , 458 U.S. 747 (1982).    *See, e.g.,*  S. Rep. No. 104-358, at 34-38; H. R. Rep. No. 99-910, at 4-5 (1986); H. R. Rep. 98-536, at 3 (1983).  In  *Ferber* , the court extensively discussed the long-term serious physiological, emotional, and mental difficulties of children who have been sexually exploited:

> The use of children as subjects of pornographic
> materials is very harmful to both the children and the
> society as a whole.  It has been found that sexually
> exploited children are unable to develop healthy
> affectionate relationships in later life, have sexual
> dysfunctions, and have a tendency to become sexual
> abusers as adults.
> . . . .
> Pornography poses an even greater threat to the child
> victim than does sexual abuse or prostitution.  Because
> the child's actions are reduced to a recording, the
> pornography may haunt him in future years, long after
> the original misdeed took place.  A child who has posed
> for a camera must go through life knowing that the
> recording is circulating within the mass distribution
> system for child pornography. . . .  It is the fear of
> exposure and the tension of keeping the act secret that
> seem to have the most profound emotional
> repercussions.

*Ferber* , 458 U.S. at 758-60 n.9, 10.

In discussing the rationale behind the mandatory restitution statutes, Congress noted the goal of criminal restitution:  to "ensure that the wrongdoer is

required to the degree possible to restore the victim to his or her prior state of well being." S. Rep. 104-179, at 42-44 (1995) (discussing the development of the federal criminal restitution statutes and further amending the statutes to "require that full restitution be ordered to the victims of all covered offenses in which there is an identifiable victim"). The time from arrest to sentencing in this case is not unusually short. Certainly, the few months of counseling this victim underwent during this time period cannot "restore the victim to his or her prior state of well-being," *id.*, after long-term regular and severe sexual abuse and exploitation. We conclude that the district court was authorized under § 2259 to order defendant to pay for his victim's future counseling costs.

**B. Remand for evidentiary hearing and specific findings.**

The government concedes, however, that a restitution order must be specific in a dollar amount that is supported by evidence in the record. In *United States v. Watchman*, 749 F.2d 616 (10th Cir. 1984), we held that restitution orders pertaining to costs associated with medical and related services must be specific and contain "details as to dollars not generalities," and that the district court must support its restitution order with findings of fact in the record. *Id.* at 618-19; *see also United States v. Smith*, 156 F.3d 1046, 1057 (10th Cir. 1998) ("[t]he government bears the burden of proving the amount of loss when seeking restitution. A restitution order entered without proof of loss is clearly

erroneous.") (citation omitted); *Laney*, 189 F.3d 954, 967 & n.14 ("Of course, district courts must estimate the amounts that victims will spend on future counseling with reasonable certainty, in accordance with the procedures set forth in 18 U.S.C. § 3664."). The presentence report contained no evidence regarding the victim's need for future counseling or the estimated cost of that counseling. We therefore remand for a hearing on these issues. This remand renders moot defendant's third claim of error.

The judgment of the United States District Court for the Northern District of Oklahoma is vacated only as to that part of the order requiring restitution for unspecified future costs, and the case is remanded for further proceedings and resentencing consistent with this opinion.