**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH ANDRE VORRICE,

Defendant-Appellant.

No. 08-3084
(D.C. No. 5:08-CR-40012-RDR-1)
(D. Kan)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Defendant Joseph Andre Vorrice appeals from a district court order affirming the magistrate judge's order for his detention, based on his potential danger to the community, pending trial on a charge of firearm possession by a felon, 18 U.S.C. § 922(g)(1). We exercise jurisdiction under 18 U.S.C. 3145(c) and 28 U.S.C. § 1291, and affirm for reasons explained below.

---

[*]    After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Pretrial release and detention are governed by 18 U.S.C. § 3142.  Under § 3142(e) and (f), a defendant may be detained based on danger to the community only if the court finds by clear and convincing evidence that no conditions of release will reasonably assure the community's safety.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).  But § 3142(e) also provides two rebuttable presumptions favoring detention in certain circumstances.  The first, sometimes called the previous-violator presumption, applies when a person is charged with an offense listed in § 3142(f)(1) and the court finds that:

> (1) the person has been convicted of [a prior § 3142(f)(1) offense], or of a [comparable] State or local offense . . . ;
>
> (2) the [prior] offense. . . was committed while the person was on release pending trial for a Federal, State, or local offense; and
>
> (3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the [prior] offense . . . whichever is later.

Section 3142(e)(1) - (3).  The second, sometimes called the drug-and-firearm presumption, applies in prosecutions for any offense specified in the second full paragraph of § 3142(e).  *See* 3B Charles Alan Wright, et al., *Federal Practice and Procedure* § 765.1 (3d ed. 2004) (discussing § 3142(e) presumptions).  When reviewing the application of § 3142(e), "[w]e apply de novo review to mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous."  *Cisneros*, 328 F.3d at 613.

In this case, the magistrate judge and the district court were both under the misapprehension that one of the rebuttable presumptions was operative here. As the district court summarized:

> [T]he defendant in this case has been charged with being a felon in possession of a firearm. This violation of . . . Section 922(g) is categorized as a crime of violence, as described under Section 3142(f)(1)(A). Thus, there is a rebuttable presumption under the statute that no condition or combination of conditions can reasonably assure . . . the safety of any other person [or] of the community.

App. at 23. Because § 922(g) is not among the offenses specified in the second full paragraph of § 3142(e), this cannot properly refer to the drug-and-firearm presumption. And while a § 922(g) charge can trigger the previous-violator presumption, the analysis in this regard improperly jumps from recognition of the qualifying § 3142(f)(1) charge[1] directly to the presumption, skipping over the conditions in § 3142(e)(1) - (3), which are not substantiated here. Defendant had two prior convictions in the time period specified in § 3142(e)(3): attempted criminal deprivation of property, for which he received a fine, followed by marijuana possession, for which he was placed on probation. Neither of these satisfies the requirements in § 3142(e)(1) - (2).

---

[1]    The district court erred in characterizing firearm possession as a crime of violence under § 3142(e) and (f)(1)(A). *See United States v. Ingle*, 454 F.3d 1082, 1086 (10th Cir. 2006); *United States v. Gray*, 529 F. Supp. 2d 177, 180 n.3 (D. Mass. 2007) (citing several circuits). But this error was harmless given that another subsection of § 3142(f)(1), effective July 2006, includes "any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm," section 3142(f)(1)(E). *See Gray*, 529 F. Supp. 2d at 180 n.3.

-3-

The erroneously invoked presumption did not, however, play a material role in the analysis below. The district court proceeded on the basis that the presumption had been rebutted (at least arguendo) and reached the requisite conclusion that clear and convincing evidence showed that no release conditions would reasonably assure the safety of the community.[2] And we agree with that determination on de novo review.

The magistrate judge and district court fully accounted for the pertinent factors listed in § 3142(g). With regard to the "nature and circumstances of the offense" under § 3142(g)(1), they noted that firearm offenses are specified in § 3142(g)(1) as particularly significant.[3] Defendant admitted that he bought the gun "on the street" and was carrying it (in public) for "protection," App. at 19, 30 – facts that, coupled with the circumstances of his arrest (asleep in a car on the street with a loaded weapon in his lap), raise very real concerns about the potential threat to community safety involved. The circumstances of arrest also show that the "weight of the evidence" against defendant, for § 3142(g)(2), is obviously substantial. As for defendant's "history and characteristics" under

---

[2]     While even a rebutted presumption "remains a factor for consideration by the district court," *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991), the district court's rationale for detention here, summarized in the text above, did not rely on this consideration, nor do we in affirming its decision.

[3]     In addition, the magistrate judge and district court mis-characterized the firearm offense as a crime of violence, also listed in § 3142(g)(1), but this latter redundant basis for implicating the (g)(1) factor was not critical to their analysis, and we of course limit our de novo consideration to the former.

3142(g)(3), he does have local family ties, but he also has a long criminal record (including a number of arrests, if not convictions, for violent behavior), *see* § 3142(g)(3)(A), and he was arrested for the instant offense while on probation for a prior offense, *see* § 3142(g)(3)(B). Indeed, the defendant has a history of failing to comply with probation conditions.

Finally, with respect to the general inquiry under § 3142(g)(4) into "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release," the district court considered all of the relevant circumstances that had been brought to its attention, and summarized its overall assessment in this way:

> All of this leads the Court to conclude that there is no condition or combination of conditions that would reasonably assure that there would not be a risk of safety of a person or the community at large. The defendant has exercised poor judgment time and time again. He has not been successful on any of his prior terms of probation. . . .
>
> Time and time again he has failed. He has failed in that he committed new criminal activity. He has failed in that he has been arrested for things such as possession of marijuana and DUI, indicating that the defendant has some substance abuse problems as well and a history of substance abuse.
>
> [B]ased on all of the factors, including the nature of the current offense and all of the factors that I've discussed so far, clearly the evidence clearly and convincingly is that this defendant presents a risk of safety . . . .

App. at 30-31. The substance of this assessment is effectively unchallenged by defendant on appeal, and we discern no error in it.

The only issue defendant raises here is whether "the conditions of release which he proposed would reasonably assure the safety of the community." Aplt. Br. at 4. All we are told in this regard is that "his probation officer [for the marijuana possession conviction preceding the instance offense] was willing to place him on electronic monitoring, as a result of his arrest in this case." *Id.* at 6. In the hearing before the district court, defendant added that he would submit to "a curfew, along with the usual conditions, including that [he] seek employment and report, as directed, to the pretrial services officer." App. at 22. But he does not explain how such conditions – repeatedly disregarded in the past – would reasonably assure the safety of the community from a felon whose lifestyle leads him to carry a loaded firearm in public out of a perceived need for protection. Under the circumstances, we agree with the district court that pretrial detention is warranted in this case.

The order of the district court is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM