**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　　Plaintiff‑Appellee,

v.

JASON A. BOY,

　　　　　Defendant‑Appellant.

No. 09-2054
(D.C. No. CR-09-416-RB)
(D. N.M.)

---

**ORDER AND JUDGMENT***

---

Before **KELLY, MURPHY,** and **TYMKOVICH**, Circuit Judges.

---

　　　Jason Boy appeals from the district court's order requiring that he be detained pending trial. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

---

*　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In February 2009, a grand jury indicted Mr. Boy for possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). The investigation that led to Mr. Boy's indictment began in 2006 when a ten-year-old girl in Florida who was online in a children's chat room received a photograph of an erect penis from someone using an AOL screen name that was later traced to Mr. Boy. FBI agents then located Mr. Boy in New Mexico and obtained his consent to search his computer for evidence of child pornography. That search uncovered approximately 160 images of child pornography, as well as an image matching the description of the sexually explicit image sent to the child in Florida. Mr. Boy admitted that he created the email account through which the image was sent to the child in Florida, and he also admitted using the email accounts through which copies of that image were sent to numerous other people.

Mr. Boy pleaded not guilty to the charged offense and the government requested that he be detained pending trial. The magistrate judge held a hearing on the government's request for pretrial detention. The government argued that Mr. Boy was a danger to the community and there were no conditions of release that would reasonably assure the safety of the community; Mr. Boy argued that he should be released into the custody of his mother under the conditions recommended by Pretrial Services. At the conclusion of the hearing, the magistrate judge ordered Mr. Boy detained, finding that he was a danger to the

community. Among other things, the magistrate judge stated that she did not believe that Mr. Boy would abide by all the conditions of release suggested by Pretrial Services, because his conduct with regard to three prior minor offenses showed that "he has a track record for not following directions from the Court." Aplt's App., Ex. C at 8.

Mr. Boy appealed the magistrate judge's pretrial detention order to the district court, which conducted a hearing in accordance with 18 U.S.C. § 3142(f). The court informed the parties at the outset of the hearing of the specific materials it had reviewed in preparation for the hearing and confirmed with counsel that those materials were sufficient to bring the court "up to speed." Aplt. App., Ex. G at 2. At the conclusion of the hearing, the district court determined that the magistrate judge was correct to order Mr. Boy detained before trial. The district court entered a written order directing that Mr. Boy be detained because he was a danger to the community. Mr. Boy now appeals the district court's pretrial detention order.

## II.

The Bail Reform Act requires a magistrate judge or district court judge to order a defendant detained before trial if the judge determines "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In determining whether there are conditions of release that

would reasonably assure the defendant's appearance and the safety of the community, the judge must consider the following: 1) "[t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence;" 2) "the weight of the evidence against the person;" 3) "the history and characteristics of the person," including, among other things, the person's family ties, length of residence in the community, employment, past conduct, criminal history, and past record of appearances at court proceedings; and 4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Claims of erroneous detention present questions of mixed law and fact. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). On appeal, we review the mixed questions of law and fact concerning the detention decision de novo, "but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Id.* The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather "refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) (internal quotation marks omitted).

III.

At the hearing before the district court, the government addressed the relevant factors under §3124(g). It noted that the child pornography offense with

which Mr. Boy was charged constituted a crime of violence and that the evidence showed that he had gone beyond merely possessing child pornography to actually reaching out and contacting at least one young child. The government argued that the evidence against Mr. Boy was strong. The search of his computer had turned up approximately 160 images of child pornography, some of which the National Center for Missing and Exploited Children identified as "known" victims. Two of the images of known victims were attached to emails sent from one of Mr. Boy's AOL accounts. The charged activity occurred during the course of several months, which is inconsistent with the perpetrator being someone else who gained temporary access to Mr. Boy's computer. And while Mr. Boy did not admit to obtaining child pornography from the internet, he did admit that the computer on which the pornographic images were found was his and that the AOL accounts associated with the child pornography were his.

As to Mr. Boy's history and personal characteristics, the government argued that his failure to appear in court and/or pay the fines associated with each of his three prior minor offenses showed his failure to follow court orders. This factor, coupled with the fact that he was alleged to have committed the charged offense while living with his parents, demonstrated that he was not suitable for supervision by his mother, who was proffered as the third-party custodian.

Finally, the government argued that the nature and seriousness of the danger Mr. Boy presented to the community if released militated against release.

Child pornography is a particularly invidious harm to both the children involved and society as a whole. "Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography." *United States v. Julian*, 242 F.3d 1245, 1247 (10th Cir. 2001). Mr. Boy infiltrated a children's chat room to contact a child and send her sexually explicit material, and he sent the same sexually explicit material to numerous other email addresses from accounts he admittedly created and used. Moreover, because access to the internet can be gained not only from a home computer but from public computers and various hand-held devices, it was unlikely that his use of the internet could be adequately supervised.

Mr. Boy's counsel, in turn, noted that when the FBI agents contacted Mr. Boy, he voluntarily surrendered his computer to them and did not try to flee. Once Mr. Boy was indicted, he voluntarily surrendered to authorities. Further, between the time he surrendered his computer to the FBI and the time he was indicted, the government had no evidence that Mr. Boy had engaged in any further conduct involving child pornography.

Counsel also pointed out that Pretrial Services had recommended that Mr. Boy be granted release on numerous conditions, all of which he was willing

to follow.[1] Those conditions included that Mr. Boy have no access to a computer, that he be subject to electronic monitoring, and that he have no contact with anyone under the age of 18–including his girlfriend's two-year-old daughter–unless supervised by an adult at least twenty-one years of age. Pretrial Services also had approved Mr. Boy's mother as a third-party custodian, and she had agreed to supervise Mr. Boy and to promptly report any infractions of the terms of release. Further, both Mr. Boy and his parents had assured counsel there were no working computers in the parents' house that would afford him internet access. Finally, Mr. Boy was a lifelong resident of Las Cruces, and his family and girlfriend were present in the courtroom and were ready to assist in his supervision.

## IV.

After hearing the parties' arguments and questioning both counsel and the probation officer, the district court made oral findings on the record. The court stated that the lack of any evidence that Mr. Boy had been involved with child pornography during the period between the seizure of his computer and his indictment weighed in his favor and made the decision on pretrial release a close

---

[1] Mr. Boy's appellate appendix does not contain a copy of the Pretrial Services report. Mr. Boy's counsel represents in his brief that although he was permitted to review the report, he has not permitted to have a copy of it. His descriptions of the provisions of that report are, therefore, based on his notes and recollection. Because the government does not dispute counsel's descriptions of the Pretrial Services report, we will assume the contents of that report are as counsel describes.

one.  Nonetheless, the court concluded that the magistrate judge "made the right call when she detained Mr. Boy."  Aplt. App., Ex. G at 15.  The district court noted the presence of Mr. Boy's family in the courtroom and their willingness to supervise Mr. Boy, but determined that they were unlikely to be able to supervise Mr. Boy consistently for the necessary length of time.  The court further found that if Mr. Boy did violate the terms of his release concerning access to child pornography, it would put others at risk and could have a prolonged and devastating effect on a young victim.  After making its oral ruling, the court entered a written order of detention finding that Mr. Boy is a danger to the community.

## V.

Mr. Boy challenges the district court's detention order based in part on the district court's failure to include written findings of fact.  The appellate rules governing orders for release or detention before a judgment of conviction provide that the district court must state the reasons for its order "in writing, or orally on the record."  Fed. R. App. P. 9(a).  The Bail Reform Act, however, provides that an order of detention should "include written findings of fact and a written statement of the reasons for detention."  18 U.S.C. § 3142(i).  The district court here made its findings orally and did not reduce them to writing, but it did provide a written statement of its reasons for detention.

The requirement that the district court make written findings and conclusions serves to aid our review on appeal. *United States v. Affleck*, 765 F.2d 944, 954 (10th Cir. 1985). While it would have been a better practice had the district court here structured its oral findings to track the statutory factors more closely and then reduced those findings to writing, we conclude that the court's oral findings are adequate for appellate review, and therefore Mr. Boy was not deprived of any right secured by § 3142(i). We note that Mr. Boy could have asked the district court to reduce its written findings to writing, but rather than do so he filed his notice of appeal shortly after the district court entered its detention order. Under the circumstances, we conclude that the district court's failure to include written findings of fact in its detention order was not reversible error.

Turning to the merits of the district court's detention order, we conclude that the evidence on the statutory factors supported the court's determination and that it properly ordered Mr. Boy detained pending trial.

The judgment of the district court is AFFIRMED.

Judge Murphy dissents.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge