**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAFAEL LOERA VASQUEZ,

Defendant-Appellant.

No. 10-3260
(D.C. No. 6:10-CR-10135-EFM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Rafael Loera Vasquez filed an appeal from the district court's decision

ordering him detained pending trial. While the appeal was pending, Mr. Vasquez

entered a guilty plea to the charge against him. Once we received notice of

Mr. Vasquez's change in status, we ordered him to show cause why his appeal

from the denial of release pending trial should not be dismissed as moot in light

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his guilty plea. We also requested that the government submit a response on the mootness question. Upon consideration, we DISMISS the appeal as moot.

## Discussion

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "The controversy must exist during all stages of the appellate review." *United States v. Seminole Nation of Okla.*, 321 F.3d 939, 943 (10th Cir. 2002). "Once such controversy ceases to exist, the action is moot and this court lacks jurisdiction to adjudicate the matter." *Id.*

In this case, Mr. Vasquez appeals the district court's determination that the magistrate judge properly ordered his pretrial detention. But Mr. Vasquez's "claim to *pretrial* bail was moot once he was convicted." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (emphasis in original). "The question was no longer live because even a favorable decision on it would not have entitled [him] to bail." *Id.* at 481-82; *see also United States v. Ramirez*, 145 F.3d 345, 356 (5th Cir. 1998) (holding that challenge to pretrial detention order was rendered moot by defendant's conviction).

Mr. Vasquez asserts, however, that his appeal is not moot because he remains eligible for release pending sentencing. But there is a different, more stringent standard for release pending sentencing than for release pending trial.

*Compare* 18 U.S.C. § 3142(b) (release pending trial) *with* 18 U.S.C. 3143(a) (release pending sentencing or appeal). And, more importantly, Mr. Vasquez has not moved for release pending sentencing in the district court. We therefore have no district court decision to review. *Cf.* Fed. R. App. P. 9(b) (providing that a party may file an appeal from a district court's decision regarding release after conviction). We decline to consider a new request on appeal that has not been raised in the district court. *See Tele-Commc'ns, Inc. v. Comm'r.*, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal.").

Next, Mr. Vasquez raises two alternative arguments regarding exceptions to the mootness doctrine. First, he contends that this is an issue capable of repetition yet evading review. As Mr. Vasquez mentions in his brief, the issue about the relevance of an ICE detainer frequently presents itself in pretrial detention cases. He argues, however, that the timing restrictions in the Speedy Trial Act make it difficult for this issue to be resolved in a bail appeal before the defendant is faced with the choice of proceeding to trial or entering a guilty plea. But this timing situation presents itself in every appeal from a pretrial detention order, and in most cases we are able to resolve the appeal prior to the defendant's change in status, *see*, *e.g.*, *United States v. Boy*, 322 F. App'x 598 (10th Cir. 2009); *United States v. Villapudua-Quintero*, 308 F. App'x 272 (10th Cir. 2009); *United States v. Vorrice*, 277 F. App'x 762 (10th Cir. 2008). Although this

-3-

appeal was not ultimately able to be resolved within that timeframe, we consider all bail appeals in an expedited fashion and we see no basis for concluding that this issue could not be resolved in a subsequent appeal by another defendant.

Second, Mr. Vasquez argues that he has secondary or collateral injuries that survive and flow from the denial of pretrial release even though he has entered a guilty plea. This argument is somewhat confusing, and as the government points out, Mr. Vasquez has cited no case law to support it. It appears Mr. Vasquez is claiming he will suffer a secondary injury by not being considered for bond pending sentencing because he was denied bond pending trial. *See* Aplt. Resp. to Show Cause Order at 4-5. But there is no bar to Mr. Vasquez moving for release pending sentencing in the district court at this stage in the proceedings. We therefore see no basis for applying any secondary injury exception to the mootness doctrine in this case.

Accordingly, we DISMISS this appeal as moot.


Entered for the Court
Per Curiam

-4-