11-2488-cr(L)
United States v. Sanderson

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         CHRISTOPHER F. DRONEY,
                   *Circuit Judges*,
         VINCENT L. BRICCETTI,
                   *District Judge*.*

_____

UNITED STATES OF AMERICA,

                   *Appellee,*

         -v.-                      Nos. 11-2488-cr(L),
                                        11-2608-cr(CON),
                                        12-321-cr(CON)

JARELL SANDERSON, HASSANAH DELIA

                   *Defendants-Appellants.*

_____

FOR SANDERSON:     RANDOLPH Z. VOLKELL, Merrick, NY.

FOR DELIA:         RANDALL D. UNGER, Bayside, NY.

_____

    * The Honorable Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:     DAVID E. NOVICK, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut.

Appeal from the United States District Court for the District of Connecticut (Kravitz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order is **AFFIRMED**.

Defendants-appellants Jarell Sanderson and Hassanah Delia appeal from judgments of conviction entered against them by the United States District Court for the District of Connecticut (Kravitz, *J.*) following guilty pleas by both defendants.  Sanderson challenges the district court's imposition of a Sentencing Guidelines enhancement, and Delia challenges the court's restitution order.  We assume the parties' familiarity with the facts and procedural history of the case.

**I.   Sanderson**

Sanderson pled guilty to two counts of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(a) and (b), and one count of Conspiracy to Commit Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1594(c).  He contends on appeal that the district court erred in imposing a two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), which applies

2

if "a participant [] unduly influenced a minor to engage in prohibited sexual conduct."  We review a legal application of the Guidelines *de novo* and any underlying factual findings for clear error.  *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam).

The commentary to § 2G1.3(b)(2)(B) indicates that there is a "rebuttable presumption that subsection (b)(2)(B) applies" if the participant is at least ten years older than the minor.  Sanderson does not dispute that he is.  Moreover, although Sanderson is correct that factual determinations underlying a Guidelines calculation must be made "with sufficient clarity to permit meaningful appellate review," *United States v. Skys*, 637 F.3d 146, 152 (2d Cir. 2011), "this obligation may be satisfied by explicitly adopting the factual findings set forth in a defendant's presentence report."  *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (internal quotation marks and brackets omitted).  The district court in this case stated that it was "adopt[ing] the factual statements in the presentence report as the Court's own findings of fact for purposes of this sentencing."  Special App'x 51.

We have held that if a defendant is subject to the age-based presumptive application of (b)(2)(B) and has "failed to offer any evidence rebutting the presumption on this basis," the district court is "free to make its finding of 'undue influence,' without further explanation, on the basis of the unrebutted presumption alone." *Watkins*, 667 F.3d at 265. In addition, a "district court that adopts the factual findings of a defendant's PSR is not required explicitly to provide any further analysis." *Id.* at 266. None of the statements to which Sanderson points on appeal can be construed as evidence rebutting the presumption. As such, we find no error in the district court's application to Sanderson of the two-level enhancement under § 2G1.3(b)(2)(B).

**II. Delia**

Delia's only assertion on appeal is that the district court failed to adequately support its imposition of $25,608.80 in restitution for a victim's future psychological and psychiatric treatment. During Delia's sentencing, the district indicated that restitution would be a part of the sentence but did not specify an amount. After the government submitted a proposed amount, supported by a

4

letter from a social worker who had worked extensively with the victim after the encounter at issue in this case, the district court entered an order adopting the government's proposed figure without further explanation.

"We review an order of restitution deferentially, and we will reverse only for abuse of discretion." *United States v. Pearson*, 570 F.3d 480, 486 (2d Cir. 2009) (quotation marks omitted). Delia does not argue that the district court lacked the power to order restitution for future treatment. Instead, she points to our recognition that such orders "may be inappropriate where the amount of loss is too difficult to confirm or calculate." *Id.* at 486 (quotation marks and brackets omitted). She maintains that, as in *Pearson*, the district court here "did not explain how it estimated the victim['s] future expenses" and urges us to "remand the case [] to secure a more thorough explanation from the district court as to the basis for its restitution determination." *Id.* at 487.

Because the district court adopted the government's proposed figure in this case, the major problem in Pearson – the court's failure to explain how it reached its ultimate figure, which differed from what had been proposed – is not

5

present.  Delia's challenge is more properly viewed as a contention that the social worker's letter did not provide a sufficient basis in evidence for the district court to come to its conclusion.

Delia's concerns are not frivolous, and we recognize the difficulty inherent in projecting future medical costs with certainty and the necessity of basing a restitution amount on reliable evidence.  However, we find no error in the district court's order.  The government's proposed figure was supported by the affidavit of a licensed social worker who had worked extensively with the victim, and who stated that she based her conclusions regarding future need for care upon her professional experience.  The social worker's total cost estimate was much higher than the restitution amount ultimately imposed – it was discounted (based on the social worker's calculation) to reflect other sources of trauma in the victim's life, and it did not account for possible inflation or increases in the cost of care.  Moreover, although Delia filed objections to the government's submission, she neither requested a hearing at which the social worker could be cross-examined nor submitted any evidence rebutting the social worker's contentions.

Under these circumstances, the district court did not abuse its discretion in adopting the government's proposed figure. *See United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007) (an award will be upheld "if the district court is able to estimate, based upon facts in the record, the amount of victim's loss with some reasonable certainty."); *cf. United States v. Julian*, 242 F.3d 1245, 1248 (10th Cir. 2001) (remanding for a hearing where the "presentence report contained no evidence regarding the victim's need for future counseling or the estimated cost of that counseling").

We have considered all of appellants' arguments and find them to be without merit.  For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7