# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40322

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

RAMIRO SERRATA, JR.,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-691-2

Before STEWART, Chief Judge, and KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ramiro Serrata, Jr. appeals an order imposed by the district court requiring that he pay $5,000 in restitution for the future psychiatric treatment of his victim. We affirm.

## I. Facts & Procedural History

Serrata pleaded guilty pursuant to a written plea agreement to one count of conspiring to commit a hate crime against K.G.[1] on the basis of his race and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The victim's initials will be used to protect his identity.

No. 16-40322

sexual orientation and one count of causing bodily injury to K.G. based on his sexual orientation through the use of weapons that traveled in interstate commerce.[2]  In the presentence report (PSR), the probation officer calculated a total offense level of 42 and a criminal history category of VI, resulting in an advisory Guidelines range of the statutory maximum terms of 60 months for the conspiracy and 120 months for the substantive offense.  With respect to restitution, the probation officer determined that Serrata could be ordered to pay K.G. for his losses and Christus Spohn Hospital for the balance owed on K.G.'s medical bills for treatment of his injuries.

At sentencing, Serrata did not object to the PSR.  K.G. made a statement asserting that the assault had resulted in his disfigurement and isolation from society.  He noted that he had been sodomized and whipped, despite his lack of aggression against his abusers, and that he had escaped when his persecutors discussed killing him.  K.G. maintained that as a result of the abuse, he suffered intense psychological damage.  K.G. acknowledged that he had used drugs recreationally prior to the assault but that after the attack "the intensity of [his] addiction was off the charts" even after his physical injuries healed, contributing to his spiral into depression.

Following a recess, the Government stated that K.G. had taken out loans of $5,800 for his last semester of school and requested restitution for that amount.  In addition, the Government asked for $5,000 for K.G.'s "future psychiatric and psychological care."  The Government explained that K.G., who is presently incarcerated on drug charges, had been receiving mental health treatment and that his counselor had expressed a belief that he was suffering

---

[2] As part of the plea agreement, Serrata waived his right to appeal his conviction and sentence.  Citing this court's opinion in *United States v. Keele*, 755 F.3d 752, 753–56 (5th Cir. 2014), the Government submits that it is not enforcing the appeal waiver under these circumstances.

2

No. 16-40322

from posttraumatic stress disorder.  When the district court asked about the amount, the Government responded that it was "just an estimate" of the approximate cost for a period of treatment.

The district court ordered Serrata and his codefendant to pay the $5,800 in restitution for K.G.'s student loan fees.  Immediately thereafter, the district court ordered restitution of "$5,000 [in] medical services at a hundred dollar[s] . . . an hour, which is reasonable for any professional.  That's but 50 hours of service, nothing."   The district court acknowledged that it could find no authority to award restitution for pain and suffering but concluded that K.G. would be allowed to pursue civil remedies.

The district court adopted the PSR, including a determination that the offense had occurred as a result of K.G.'s race and sexual orientation.  The court expressed shock at the brutality of the assault and noted that if the victim had not accepted the plea agreement, Serrata would likely be facing thirty years to life in prison.  The district court sentenced Serrata to the statutory maximum sentences of five and ten years in prison, to run consecutively, and to be followed by a three-year term of supervised release.

The probation officer asked whether the district court intended to "impose a payment plan of $200 per month for the restitution," and the court responded that "[i]t's due now, it's due now."  The judgment stated that the payments were to begin immediately, but the court did not indicate that a lump sum payment was due, did not set forth a payment amount, and did not state that the payment amount would be assessed upon Serrata's release from prison.

Serrata filed a timely notice of appeal challenging the district court's authority to order the $5,000 restitution award, the amount of the restitution award, the district court's failure to set a payment schedule, and the court's consideration of the $5,800 college loan restitution award.

3

No. 16-40322

## II. Standard of Review

We review Serrata's assertion that the restitution order exceeded the district court's authority for plain error because he did not raise the issue before the district court. *United States v. Maturin*, 488 F.3d 657, 659–60 (5th Cir. 2007). We also review for plain error unpreserved challenges to the quantum of a restitution award and to the payment schedule. *See United States v. Miller*, 406 F.3d 323, 327–29 (5th Cir. 2005).

To establish plain error, Serrata must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). An error is not clear or obvious if it is subject to reasonable debate. *Id.*; *United States v. Ellis*, 564 F.3d 370, 377–78 (5th Cir. 2009). If these requirements are met, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Puckett*, 556 U.S. at 135.

## III. Discussion

The Mandatory Victims Restitution Act authorizes payment to a victim "directly and proximately harmed" by a defendant's offense of conviction. *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012) (citation omitted) (quoting 18 U.S.C. § 3663A) (internal quotation marks omitted). The purpose of criminal restitution "is to compensate victims for losses, not to punish defendants for ill-gotten gains." *Id.* A sentencing court may not award restitution greater than a victim's actual losses. *Id.*

*A. The District Court's Authority to Order Restitution*

Here, the district court ordered Serrata to pay $5,000 in restitution for K.G.'s future psychiatric or psychological care. Under the applicable statute, if an offense results in bodily injury to a victim, a district court may order the defendant to pay "an amount equal to the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and

4

psychological care." 18 U.S.C. § 3663(b)(2)(A).  The district court is to "order restitution to each victim in the full amount of each victim's losses."  *Id.* § 3664(f)(1)(A).  Generally, restitution is limited to losses stemming from the offense of conviction.  *See Hughey v. United States,* 495 U.S. 411, 420 (1990).

This court has not addressed whether the restitution statutes authorize payment of future medical expenses that are attributable to the defendant's actions.  However, as the Government points out, other courts have held that calculable future losses may be included in an order of restitution.  *See United States v. Messina*, 806 F.3d 55, 67 (2d Cir. 2015) (ordering restitution for lost future income under § 3663A following a death); *United States v. Serawop*, 505 F.3d 1112, 1120 (10th Cir. 2007) (same); *United States v. Cienfuegos*, 462 F.3d 1160, 1163–64 (9th Cir. 2006) (same); *United States v. Oslund*, 453 F.3d 1048, 1063 (8th Cir. 2006) (same).  Similarly, other circuits have upheld restitution orders including future psychiatric treatment in the context of 18 U.S.C. § 2259, which involves sexual exploitation of children.  *See United States v. Pearson*, 570 F.3d 480, 486 (2d Cir. 2009); *United States v. Doe*, 488 F.3d 1154, 1160 (9th Cir. 2007); *United States v. Danser*, 270 F.3d 451, 455 (7th Cir. 2001); *United States v. Julian*, 242 F.3d 1245, 1247–48 (10th Cir. 2001); *see also United States v. Guel-Perez*, No. 95-30221, 1996 WL 285579, at *1 (9th Cir. May 29, 1996) (unpublished) ("[I]t was well within the district court's discretion to order restitution for future counseling sessions" in a case involving sexual activity with a juvenile).

No. 16-40322

In light of this persuasive authority, we conclude that the district court did not plainly err in ordering Serrata to pay restitution to K.G. for future psychiatric or psychological treatment.[3]    *See Puckett*, 556 U.S. at 135.

*B. Quantum*

Next, we turn to Serrata's argument that the district court erred in calculating the amount of restitution owed. A sentencing court may not award restitution greater than a victim's actual loss. *Sharma*, 703 F.3d at 322. "Moreover, excessive restitution awards cannot be excused by harmless error; every dollar must be supported by record evidence." *Id*. at 323. The Government has the burden of proving the victim's loss amount. *United States v. De Leon*, 728 F.3d 500, 506 (5th Cir. 2013). If the record provides an adequate basis for appellate review, the district court need not set forth a detailed analysis supporting the restitution order. *Id*. at 507. When sentencing a defendant, the district court may consider any relevant evidence, such as a PSR, to support the district court's factual finding provided that the information has "sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga*, 720 F.3d 587, 590–91 (5th Cir. 2013) (citation and internal quotation marks omitted). In addition, information provided by the victim may be sufficient to support the restitution order in the

---

[3] Section 3664(d)(5) states that if a victim "subsequently discovers further losses" after the district court has made a final determination of loss, he or she "shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order." The Ninth Circuit has rejected an argument that this subsection precludes a restitution order taking into account future losses, noting that it covers only "discovered" losses and concluding that the victim's need for future psychiatric care was already known. *United States v. Laney*, 189 F.3d 954, 966–67 (9th Cir. 1999). The court concluded that "if Congress intended crime victims who required long-term psychological or physical therapy to receive restitution only after they actually paid their therapists, it created a strangely unwieldy procedure in section 3664," given that the victims would be required to request the court to amend the restitution order "every 60 days for as long as the therapy lasted." *Id*. at 967. We also find this reasoning persuasive and agree that a reasonable reading of the statute would contemplate the costs of future medical care which are not necessarily "ascertainable" at the time of sentencing. *See* 18 U.S.C. § 3664(d)(5).

absence of rebuttal evidence from the defendant. *Sharma*, 703 F.3d at 324 n.21.

Serrata did not object to the PSR, which detailed the violence and brutality of the assault, including the use of racial and homosexual epithets by Serrata and the other attackers against K.G. while they beat him with various items, whipped him, sodomized him with a broom handle, poured bleach on his face, and threatened to kill him. At sentencing, K.G. provided a statement reflecting the severe psychological trauma he had suffered, which included increased drug use, depression, nightmares, insomnia, discomfort in groups, revenge fantasies, loss of concentration, and flashbacks. The Government also advised the court that K.G. was receiving mental health treatment while in jail.

The district court ordered that Serrata pay K.G. $5,000 in restitution for the future mental health treatment, which the court determined would cover fifty hours of treatment at $100 per hour. The undisputed information in the PSR and in K.G.'s victim statement reflects the brutality of the attack and the psychological issues arising from it. In light of our conclusion that the district court was authorized under Section 3663 to order restitution payments for K.G.'s future psychiatric or psychological treatment, we hold that the district court's calculated amount of $5,000 in restitution for that treatment is amply supported by the record and thus does not constitute a clear or obvious error. *See Puckett*, 556 U.S. at 135; *De Leon*, 728 F.3d at 507.

*C. Payment Schedule*

Next, Serrata maintains that the district court "cannot order immediate payment of restitution in full if the defendant does not have money to pay." According to Serrata, there is no information in the record regarding his ability to pay restitution. On this ground, he asserts that the district court plainly

erred in ordering him to make an immediate payment by stating that the "[the restitution is] due now, it's due now."

Under Section 3664(f)(1)(A), the court's order of restitution should take into account all losses suffered by the victim attributable to the offense, "without consideration of the economic circumstances of the defendant." However, the court should take the defendant's financial situation into account when determining the restitution payment schedule.  18 U.S.C. § 3664(f)(2), (3)(A); *Miller*, 406 F.3d at 328.

As the Government points out, the district court's order does not require Serrata to pay the full restitution amount immediately but merely provides: "Payment to begin immediately."  As this court has previously recognized, an order to pay a fine or restitution "immediately" does not require payment of the full amount immediately but instead requires the immediate commencement of good faith payments.  *United States v. Buck*, 470 F. App'x 304, 305 (5th Cir. 2012) (citing *Miller*, 406 F.3d at 327).  For this reason we hold that the district court did not plainly err in ordering payment of restitution to begin immediately.  *See Puckett*, 556 U.S. at 135.[4]

*D. Consideration of Other Restitution Amounts*

Finally, Serrata asserts for the first time on appeal that the district court erred by taking into consideration the fact that K.G.'s only other determined loss was the $5,800 cost of the student loan debt when it imposed the $5,000 restitution award for future psychological care.

We now turn to the section of the statute that Serrata cites in support of this contention.  Under Section 3664(f)(1)(B), a court crafting a restitution

---

[4] Additionally, the district court properly considered Serrata's ability to pay when it adopted the undisputed facts in the PSR, including Paragraph 64 "Financial Condition: Ability to Pay," which details a list of Serrata's assets and liabilities and results in a positive cash flow.

order should not take into account "the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source."  18 U.S.C. § 3664(f)(1)(B).  This provision stands for the proposition that a court may not *reduce* an order of restitution based on the victim's compensation by a third party, although the court may order that the third party be reimbursed for those payments.  *Id.* § 3664(f)(1)(B), (j)(1); *see, e.g., United States v. Taylor*, 582 F.3d 558, 567–68 (5th Cir. 2009) (holding that a defendant's restitution order should not be offset by any amount forfeited to the United States government).

On the record before us, it is a stretch to conclude that the district court "considered" the $5,800 student loan restitution award in calculating the $5,000 restitution award for future psychiatric or psychological treatment. The sentencing hearing transcript reveals that the district court merely ordered the former immediately prior to ordering the latter.  However, assuming arguendo that the district court did "consider" the $5,800 restitution award for the student loan debt in crafting the $5,000 restitution award for future mental health treatment, it did not do so in an effort to offset or reduce the latter restitution award and, thus, did not act in contravention of the statute.  18 U.S.C. § 3664(f)(1)(B).  Accordingly, we conclude that the district court's order of $5,000 in restitution for future medical care did not constitute clear and obvious error in light of the court's contemporaneous mention of the $5,800 restitution award for the student loan.  *See Puckett*, 556 U.S. at 135.

## IV. Conclusion

For the forgoing reasons, the restitution award is affirmed in all respects.