FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUSTIN CHERIF PICKEL,

Defendant-Appellant.

No. 12-3221
(D.C. No. 2:12-CR-20083-KHV-JPO-4)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **HARTZ**, Circuit Judges.

Justin Cherif Pickel appeals one of the conditions of his pre-trial release

imposed by the district court under the Bail Reform Act, namely, that he avoid all

contact with Maria Garza, a potential witness.  We have jurisdiction under 28 U.S.C.

§ 1291 and 18 U.S.C. § 3145(c), and we affirm.

---

[*]   This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Pickel is charged with multiple drug-related counts, including conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine and 1,000 kilograms of marijuana; maintaining drug-involved premises; and possession with intent to distribute marijuana. He was arrested in California, where he was released pending trial with conditions. The government sought review of the release order after the matter was transferred to the District of Kansas. The government initially sought detention, but ultimately sought only different conditions of release.

At the detention hearing, *see* 18 U.S.C. § 3142(f), held August 14, 2012, the government sought as one of the conditions of release that Mr. Pickel have no contact with any co-defendant or witness. *See* 18 U.S.C. § 3142(c)(1)(B)(v) (providing that a court may include as a condition of release that the defendant "avoid all contact with . . . a potential witness who may testify concerning the offense"). The government asked that Mr. Pickel specifically be required to avoid all contact with his long-term girlfriend, Maria Garza. The government explained that Ms. Garza was a potential witness because she was in the car with Mr. Pickel when it was stopped and found to contain 40 pounds of marijuana.

Mr. Pickel objected, arguing it would be an unjustified hardship to avoid contact with Ms. Garza because, he asserted, she is his common-law wife and the mother of his young child. The district court rejected this objection, and his release order included the government's requested condition that Mr. Pickel "avoid all

contact, directly or indirectly, with any person who is or may be a . . . witness in the investigation or prosecution, including Maria Garza and all co-defendants." Aplt. App. at 9. [1]

On appeal, Mr. Pickel argues that the condition he not contact Ms. Garza is not rationally related to any compelling government purpose. He argues that the government's claim that Ms. Garza might testify is "shallow" because of potential marital privilege claims and the likelihood she would assert her Fifth Amendment right not to incriminate herself. He also asserts that in one of his co-defendant's proceedings, the same district court judge permitted contact with a co-defendant's spouse, limited to communications about their child. After briefing, we remanded the matter to the district court with instructions to supplement its order with a statement of reasons, as required by Fed. R. App. 9(a)(1) (requiring a district court to "state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case").

In its supplemental order, the district court stated the reasons for its finding that the no-contact condition as to all potential witnesses, including Ms. Garza, together with the other conditions, are necessary and the least restrictive means to reasonably assure Mr. Pickel's appearance and the safety of other persons and the community. *See* 18 U.S.C. §§ 3142(b) and 3142(c). First, it noted the significant

---

[1]    In addition, the district court ordered Mr. Pickel to post a bond for his release, submit to testing for prohibited substances, and participate in substance abuse therapy if directed to do so.

nature of Mr. Pickel's charged drug conspiracy offenses, which allege a conspiracy among numerous people involving large quantities of cocaine and marijuana. It noted that Mr. Pickel faces a maximum sentence of life imprisonment if he is found guilty on all charges.

Second, the court found that the no-contact order was necessary to assure the safety of the community because the potential intimidation of, and collusion with, witnesses, would subvert the judicial process. Third, given Mr. Pickel's possible life sentence, it noted the statutory presumption that there is no condition or combination of conditions that will reasonably assure his appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e).

The district court rejected Mr. Pickel's argument that the no-contact-with-witnesses condition should not apply to Ms. Garza. It found that Mr. Pickel failed to demonstrate that Ms. Garza was his common-law wife because he did not present any evidence that he and Ms. Garza ever agreed to be married or to hold themselves out as husband and wife. *See Anguiano v. Larry's Electrical Contracting L.L.C.*, 241 P.3d 175, 178 (Kan. App. 2010) (holding that under Kansas law, there are three elements required to establish a common-law marriage: (1) capacity of the parties to marry; (2) a present marriage agreement between the parties; and (3) the parties holding themselves out to the public as being husband and wife.). Further, it noted that the pretrial services report stated the couple had a "falling out"; that Ms. Garza had moved out of their home; that Ms. Garza had represented to law enforcement

- 4 -

officers that her relationship with Mr. Pickel was over; and Mr. Pickel had not included Ms. Garza as a suggested third party custodian, nor did he express a preference to live near her. Based on this evidence, the court found that Mr. Pickel failed to demonstrate that it would be a hardship to have no contact with Ms. Garza.

The Bail Reform Act generally provides that, pending trial, a criminal defendant must be released "on personal recognizance" or "upon execution of an unsecured appearance bond in an amount specified by the court," 18 U.S.C. § 3142(b). If, however, the district court determines such release "will not reasonably assure the appearance of" the defendant "or will endanger the safety of any other person or the community," the court can condition the release on the satisfaction of one or more of the conditions listed in § 3142(c)(1).

Generally, a bail appeal presents questions of fact and mixed questions of law and fact. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir.2003). "We apply de novo review to mixed questions of law and fact concerning the detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *Id.* Based upon our independent review of the court's findings and the record, we conclude that the district court properly considered the requisite factors for determining the conditions of relief, *see* 18 U.S.C. § 3142(g); that its factual findings are not clearly erroneous; and it did not err in ordering that, as one of those conditions, Mr. Pickel have no contact with Ms. Garza.

The district court's order is AFFIRMED.

Entered for the Court
Per Curiam