**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

SCOTT C. DEPPISH,

Defendant−Appellant.

No. 13-3336
(D.C. No. 5:13-CR-40070-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HOLMES**, and **PHILLIPS**, Circuit Judges.

Defendant Scott C. Deppish appeals from a district court order re-imposing

certain restrictions on his release pending trial on child pornography charges.

Specifically, he challenges the imposition of a curfew and a requirement that he wear

an electronic monitoring device, neither of which the magistrate judge had found

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

necessary to reasonably assure community safety under 18 U.S.C. § 3142.  We affirm for the reasons explained below.

Under a statutory provision added by the Adam Walsh Child Protection and Safety Act of 2006 (Walsh Act), Pub. L. 109-248, § 216, 120 Stat. 587, 617 (2006), certain crimes involving minor victims mandate imposition of a set of minimum conditions on pretrial release of the defendant, including electronic monitoring and curfew.  *See* 18 U.S.C. § 3142(c)(1).  Mr. Deppish falls within this provision, but the magistrate judge held that its mandatory nature violated the Due Process Clause of the Fifth Amendment and the Excessive Bail Clause of the Eighth Amendment.  That left the magistrate judge to determine whether imposition of these conditions was justified under the standard governing release conditions generally, i.e., that they are the "least restrictive" means to "reasonably assure . . . the safety of any other person and the community." *Id.* § 3142(c)(1)(B).[1]  The magistrate judge concluded that electronic monitoring and curfew were not necessary and modified Mr. Deppish's release order to remove them.  The government sought review of the matter before the district court.  It did not, however, press the constitutional issues, arguing only that the disputed conditions were justified under the ordinary release standard.  After a hearing on the matter, the district court agreed with the government and re-imposed the conditions.  This appeal followed.

---

[1]    The statute also refers to ensuring the required appearance of the defendant in the proceedings, but flight risk is not an issue in this case.

- 2 -

We review any findings regarding historical facts only for clear error, but our review of the release order is otherwise de novo. *See United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). Mr. Deppish contends the district court applied an incorrect legal standard, looking merely to whether the disputed conditions were not unduly restrictive rather than to whether they were the *least* restrictive means to reasonably assure community safety. Actually, the district court's oral decision is ambiguous on this point. When framing the issue at the outset of her analysis, the district court judge properly invoked the "least restrictive" standard three separate times, App. at 48, 49, 50, but when the judge later expressed her conclusions, she referred twice to the conditions not being "excessively restrictive" or "excessive," *id.* at 53, 56, and twice to them not being "overly restrictive," *id.* at 54, 55. We are inclined to the view that, having thrice stated the correct standard, the judge intended the later language merely as a loose shorthand reference to, rather than as an unwarranted divergence from, the previously stated standard. But we need not speculate on the matter. The district court's determination is subject to our de novo review under the correct legal standard in any event. So long as we reach the same conclusion (as we do) on the same facts, any inconsistency in the district court's statement of the legal standard is harmless. Indeed, Mr. Deppish himself asks this court to decide on the proper release conditions without a remand for further district court proceedings, though of course he argues for a different result.

A critical factor for the district court—and for us—is the seriousness of Mr. Deppish's alleged conduct and the associated threat to children in the community that his less restricted and unmonitored movement would pose. *See* generally 18 U.S.C. § 3142(g)(1) (citing "nature and circumstances of the offense charged" as factor in assessing release conditions); *id.* § 3142(g)(4) (citing "nature and seriousness of the danger . . . posed by the person's release" as factor in assessing release conditions). As the district court noted, the conduct attributed to Mr. Deppish went beyond passively accessing child pornography to actively posting sexually suggestive photographs of a minor family member on the internet.[2] Protecting children from the immediate and long-term harm caused by such exploitative conduct is an important interest, and § 3142(g)(1) specifically singles out offenses involving minors for particular consideration in imposing conditions on (or denying) release. Protective measures are clearly warranted to ensure Mr. Deppish does not have an opportunity for inappropriate contact with children while he awaits trial.

That goal is the focus of another, more pointed release condition with which Mr. Deppish does not take issue, i.e., that he have no contact with minors in the absence of adult supervision. But that release condition does not obviate or mitigate

---

[2] Mr. Deppish complains that the district court assumed without an evidentiary basis that he also created the images in question. Since the child's mother indicated that the photographs appear to have been taken in the attic at Mr. Deppish's home, it was by no means a groundless assumption that he likely created the images himself. In any event, for purposes of assessing danger to the community, it is enough to note that he is alleged to have actively exploited the child by posting the pictures on the internet.

the need for the curfew and electronic monitoring conditions; on the contrary, the latter practical measures work together to effectuate and enforce the former, by removing opportunities for undetected prohibited contact. And they do so while permitting Mr. Deppish to live at home and come and go freely outside curfew hours. Under the circumstances, these conditions serve an important community-safety interest while satisfying the least-restrictive-means requirement.

The court must also consider the weight of the evidence against the defendant seeking pretrial release. 18 U.S.C. § 3142(g)(2). Here, the government has both physical evidence, including images stored on computer hard drives, and testimonial evidence, including the testimony of the family-victim's mother, supporting its charges against Mr. Deppish. The government's case is strong enough to justify imposing the challenged conditions on his release.

Finally, we acknowledge, as did the district court, that additional support for imposing release conditions is not to be found in the "history and characteristics" factor in § 3142(g)(3), which favors Mr. Deppish. But the statute does not direct that all four factors listed in § 3142(g)(1)-(4) separately mandate the release condition imposed. Rather, it requires only that we "take into account" information about these factors in assessing release conditions. Consistent with that broad language, a factor supporting the defendant does not dictate a decision in his favor when "clearly outweighed" by factors supporting the government, *United States v. Tortora*, 922 F.2d 880, 886 n.7 (1st Cir. 1990); *see, e.g.*, *United States v. Hir*, 517 F.3d 1081,

1090-91 (9th Cir. 2008) (holding defendant presented danger to the community where positive "history and characteristics" were outweighed by other § 3142(g) factors). That is the case here.

Accordingly, we affirm the order of the district court imposing curfew and electronic monitoring as conditions on the pretrial release of Mr. Deppish.

Entered for the Court
Per Curiam