FILED
United States Court of Appeals
Tenth Circuit

July 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD B. GERKIN,

Defendant - Appellant.

No. 14-4048
(D.C. No. 2:14-CR-00176-DAK-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Donald B. Gerkin appeals from an order affirming a magistrate judge's

pre-trial detention order. We remand for further proceedings.

I. Background

Mr. Gerkin was arrested by Forest Service officers after a traffic stop. He was

charged with four misdemeanor crimes: simple possession of a controlled substance

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on National Forest Service land, possession of drug paraphernalia, interfering with a Forest Service officer in the performance of his official duties, and operating a vehicle in violation of a Forest Service order.

At his initial appearance that same day, the government indicated that it was seeking detention. The magistrate judge entered a temporary detention order and set a detention hearing for two days later. The record reveals no objection from Mr. Gerkin.

At the detention hearing, Mr. Gerkin initially argued that there was no statutory basis for even holding a detention hearing in his case because he was only charged with a misdemeanor. The magistrate judge disagreed, and the argument shifted to a discussion of whether Mr. Gerkin constituted a danger to the community. Mr. Gerkin argued that the presumption is that he should be released and that there were conditions that could ensure the protection of the public, such as monitoring. After hearing argument by the parties, the magistrate judge detailed Mr. Gerkin's criminal history and prior failures to appear for court. The magistrate judge concluded that Mr. Gerkin was a danger to the community and ordered him detained.

Mr. Gerkin sought review of the magistrate judge's detention order. At the hearing before the district judge, Mr. Gerkin asserted that because he was charged with a misdemeanor the statute required the government to show that he was a serious flight risk before the magistrate judge could even hold a detention hearing. He further argued that once the magistrate judge held the hearing, there was no basis

to detain him and he should have been released on appropriate conditions. The district judge took the matter under advisement and then issued a written order stating: "The Court heard arguments of counsel, reviewed the file and after due consideration, AFFIRMS the Detention Order entered by the Magistrate Judge. The Court finds that based on the circumstances of this matter and the history of this Defendant that he is a serious flight risk." Aplt. Br., Attach. A. Mr. Gerkin appealed.

## II. The Bail Reform Act

In general, persons charged with a crime are not detained pre-trial. They may be "released on [their] own personal recognizance or upon execution of an unsecured appearance bond," 18 U.S.C. § 3142(a)(1), or they may be "released on a condition or combination of conditions" that will ensure their appearance in court and the safety of the community, *id*. §§ 3142(a)(2) and (c)(1). As the Supreme Court has explained: "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The government bears the burden of proving that a defendant should be detained pre-trial. *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

Under the Bail Reform Act, the judicial officer[1] must undertake a two-part inquiry to decide whether a defendant should be detained pre-trial. At the first step,

---

[1]     A judicial officer authorized to order the arrest of a person under 28 U.S.C. § 3041 before whom the person is brought, in this case the magistrate judge, shall order the person released or detained. 28 U.S.C. §3141(a).

the judicial officer must decide whether there is any basis to hold a detention hearing. The judicial officer shall hold a detention hearing if the Government moves for detention and the defendant has been charged with certain serious crimes, *see* 18 U.S.C. § 3142(f)(1). The judicial officer shall also hold a detention hearing on his own motion or on the government's motion if the case involves "a serious risk that such person will flee," *id.* § 3142(f)(2)(A), or a serious risk that the person will obstruct justice or attempt to threaten prospective witnesses, *id.* § 3142(f)(2)(B). "The hearing shall be held immediately upon the person's first appearance." *Id.* § 3142(f)(2).

If the government establishes a basis for a detention hearing, then the second step is for the government to show that there is "no condition or combination of conditions" that "will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community." *Id.* § 3142(f). If the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer shall order the person detained before trial. *Id.* § 3142(e). In determining whether the government has established a basis for detention or whether there are appropriate conditions of release, the judicial officer is required to consider certain factors set forth in § 3142(g). If the person is to be detained the judicial officer must issue a detention order that "include[s] written findings of fact and a written statement of the reasons for detention," *id.* § 3142(i)(1).

- 4 -

## III.  Discussion

We review de novo mixed questions of law and fact concerning the detention decision, but review any findings of historical fact for clear error.  *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).  The parties agree that this case involves questions of law that should be reviewed de novo.

Mr. Gerkin first argues that the magistrate judge should not have held a detention hearing when the government did not make the threshold showing that his case involved a "serious risk that [he] will flee," § 3142(f)(2)(A).  He next argues that even if the magistrate judge was correct in holding a detention hearing, the government did not meet its burden of proving that no set of conditions existed to reasonably assure Mr. Gerkin's appearance at future court proceedings.  He further argues that the magistrate judge and district judge erred by failing to make any written findings of fact to support the detention decision.

On the first issue, Mr. Gerkin did not provide an adequate record for this court to consider his argument.  The docket sheet reflects that the government moved for detention at Mr. Gerkin's initial appearance and that the hearing was electronically recorded.  Mr. Gerkin, however, failed to provide a transcript or digital copy of that hearing.  He contends in his reply brief that the hearing was not recorded.  We are not convinced of the accuracy of that statement, but if that were the case, then Mr. Gerkin should have prepared a statement of the proceedings pursuant to Fed. R. App. P. 10(c).  Nothing in the record provided indicates that Mr. Gerkin

objected to the delayed detention hearing at his initial appearance. Although

Mr. Gerkin did raise the issue at the beginning of his detention hearing, his argument

came too late as the magistrate judge had already decided to hold the hearing. Since

Mr. Gerkin has not provided a record of what happened at the initial appearance, we

cannot properly review whether the magistrate judge gave a permissible ground for

setting a detention hearing or whether the delay was waived or forfeited for want of a

timely objection.

We next address the third issue. A person ordered detained by a magistrate

judge may file with a district judge a motion to revoke or amend the detention order.

28 U.S.C. § 3145(b). Mr. Gerkin filed such a motion. At the hearing on the review

motion the attorneys made legal arguments, but offered no new evidence. The

district judge affirmed the magistrate judge's detention order and found that

Mr. Gerkin is a serious flight risk; he did not provide written factual findings to

support that conclusion.

Nothing in the release and detention statute requires the reviewing district

judge to make findings or reduce them to writing. Here, only legal argument was

made to the district judge, who, accordingly, was obliged to determine whether legal

error was committed or whether the factual findings of the magistrate judge were

clearly erroneous. More may be required if the reviewing judge considers new

factual material. In an unpublished decision we decided that if the district court

makes oral findings sufficient for appellate review, then the failure to make written

findings is not reversible error.  *See United States v. Boy*, 322 F. App'x 598, 602 (10th Cir. 2009).  Other courts also follow this approach.  *See, e.g.*, *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988) (per curiam) ("We find no cause to remand when the transcript clearly embodies the district court's findings and reasons for detention.").

In this case, however, the transcripts from the detention hearing before the magistrate judge and from the review hearing held by the district judge are insufficient to allow for meaningful appellate review.  At the initial detention hearing, the magistrate judge detailed Mr. Gerkin's criminal history, found him to be a danger to the community (because of his history of heroin abuse and because his female companion was not a heroin user prior to her association with him), and concluded he should be detained.  But the statute requires that the court consider a range of alternatives to pre-trial confinement before ordering detention and, if detention is ordered, to explain why lesser conditions are inadequate.  The magistrate judge did not make any oral or written findings on the dispositive question of whether there are any conditions or combination of conditions that could reasonably assure Mr. Gerkin's appearance at trial and the safety of the community, *see* § 3142(e)(1).

At the review hearing the district judge made no oral findings, rather he summarily affirmed the magistrate judge's detention order in a two-sentence

- 7 -

decision, finding that "based on the circumstances of this matter and the history of this Defendant, that [Mr. Gerkin] is a serious flight risk."[2] Aplt. Br., Attach. A.

This brief written order does not provide sufficient explanation and factual findings to support the detention decision. The existence of a serious flight risk is the predicate for a detention hearing under § 3142(f)(2)(A), but it does not alone justify detention. Under § 3142(e)(1), judges can order detention only if they find that no conditions or combination of conditions will reasonably assure community safety and appearance in court.

If the district judge meant the finding of a serious flight risk to support the ultimate detention decision, that is also problematic. First, the magistrate judge ordered Mr. Gerkin detained based on a finding of danger to the community, not flight risk. Although the district judge could shift the rationale for detention from community danger to flight risk, he should explain why and make factual findings to support that determination. Second, while we might be able to infer from the available evidence that Mr. Gerkin is a flight risk and that the failure to adequately explain that finding was harmless, we cannot necessarily infer that conditions other than detention would be inadequate. It is not clear from the record whether the magistrate judge or the district judge considered the § 3142(g) factors and whether there are conditions of release that could assure Mr. Gerkin's appearance at trial and

---

[2] The pretrial services report indicates that Mr. Gerkin failed to appear in several other cases, resulting in arrest warrants and one conviction for failure to appear on a misdemeanor.

the safety of the community. Because there is no written finding on that issue as required by § 3142(e)(1), we cannot conduct meaningful appellate review of the detention decision.

Given the lack of written factual findings, we cannot review Mr. Gerkin's second argument that the government failed to meet its burden of showing that no condition or combination of conditions could assure his appearance at trial and the safety of the community. Accordingly, we remand to the district court for findings of fact and a statement of reasons that explain and support the detention decision or otherwise to order Mr. Gerkin's pre-trial release subject to appropriate conditions.

Entered for the Court
Per Curiam