FILED
United States Court of Appeals
Tenth Circuit

March 26, 2019

Elisabeth A. Shumaker
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAVIER HECTOR PLATA
HERNANDEZ, a/k/a Javier Plata,

    Defendant - Appellant.

No. 18-2184
(D.C. No. 1:18-MJ-00201-JB-1)
(D. N.M.)

_____

## ORDER AND JUDGMENT*

_____

Before **BRISCOE**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

_____

Javier Hector Plata Hernandez appeals from the district court's decision

denying his Motion to Revoke or Amend Order Denying Motion to Modify

Conditions of Release ("Motion to Revoke"). The district court upheld the

magistrate judge's decision denying Mr. Plata Hernandez's motion to modify his

conditions of release to permit him to be released to the custody of his mother.

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we affirm.

I. Background

In January 2018, Mr. Plata Hernandez was arrested and charged with violating 18 U.S.C. § 1326 for re-entering the United States after having been previously removed. After a detention hearing, the magistrate judge determined that Mr. Plata Hernandez was a flight risk based on his "criminal history, the violent conduct . . . back in 2007, the prior failures to appear in court, the use of aliases and the fact that he is facing incarceration if he's convicted." Aplt. App. at 94. The magistrate judge concluded, however, that pre-trial release to the custody of La Pasada Halfway House would adequately mitigate the risk of flight. Mr. Plata Hernandez did not seek review of the magistrate judge's detention decision.

In August 2018, Mr. Plata Hernandez filed a Motion to Modify Conditions of Release, requesting to be released to the third-party custody of his mother, Margarita Plata. The government objected to the motion.

At the hearing on the motion, Mr. Plata Hernandez argued that his conditions of release should be modified because he now had a third-party custodian who Pretrial Services agreed would be suitable. He also argued that he had been fully compliant with all of the conditions of his release while he had been at La Pasada. The government responded that Mr. Plata Hernandez had a "concerning criminal history that includes acts of violence and violence against household members" and so it did not believe that "him being under the supervision of a household member is

2

the appropriate result in this case." *Id*. at 102. The government further argued that Mr. Plata Hernandez posed a danger to the community because of his ongoing drinking problem and his history of drinking and driving, including a 2016 conviction for aggravated DWI. During the hearing, the magistrate judge noted that Mr. Plata Hernandez does not have driving privileges at La Pasada.

At the end of the hearing, the magistrate judge denied the motion. She explained:

> . . . [Y]ou have a history of substance abuse and engaging in behavior that puts other people at risk. And you've been released. The flight risk remains. You've complied. That's great, you need to continue to comply.
>
> But at this point I'm not prepared to modify the conditions of release previously set and release you to . . . the third party custody of your mother because I don't believe that that will adequately mitigate the risks at hand including the risk of flight, which I found existed before.

*Id*. at 106.

Mr. Plata Hernandez then filed a Motion to Revoke with the district court seeking an order revoking the magistrate judge's decision and releasing him to the third-party custody of his mother. He argued there were less restrictive means available to protect the public from any further drunk driving and that he should be released to the third-party custody of his mother with the same restrictions on drinking and driving that the state court placed on him. The government objected to the motion.

At the hearing on the motion, Mr. Plata Hernandez argued for the first time that the court was not permitted to look at his prior criminal history when deciding

3

whether he posed a danger to the community for the purposes of setting conditions of release. The district court denied the motion at the hearing, finding that Mr. Plata Hernandez was both a flight risk and a danger to the community and that the court could look at his prior conviction for a DWI in making its determination. The court also issued a written Memorandum Opinion and Order. Mr. Plata Hernandez now appeals from the district court's decision.

II. Discussion

"We apply de novo review to mixed questions of law and fact concerning the [district court's] detention or release decision, but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). With respect to the determination that he should remain in the custody of the halfway house to mitigate his danger to the community, Mr. Plata Hernandez argues that the district court "erred in restricting [his] liberty based upon unrelated past offenses and general future dangerousness." Aplt. Mem. Br. at 10-11. With respect to the determination that he should remain in the custody of the halfway house to mitigate his flight risk, he argues that his "confinement to the halfway house as opposed to his mother's home is not reasonably related to risk of flight." *Id*. at 12. He therefore argues that "the condition that [he] remain in the custody of a halfway house as opposed to the custody of his mother is arbitrary and punitive and a violation of Due Process." *Id*. at 13.

## A. Flight Risk

We first address Mr. Plata Hernandez's argument on flight risk. He did not raise this specific constitutional argument in district court in either his Motion to Revoke or at the hearing on his motion. As grounds for his motion, he stated that his "prior convictions for [DWI] do not present a danger to any other person or to the community that cannot be adequately mitigated by less restrictive means, and he is otherwise not a flight risk." Aplt. App. at 65. He mentioned flight risk in the background section of the motion, explaining that he "has been pursuing an appeal of an unfavorable determination of his immigration status, which is critical to the decisions he needs to make in the present case" and "his appeal of his immigration status, and his desire to have his status adjusted so that he can remain in the United States legally, make it unlikely that he would flee." *Id*. at 66. But he did not make any substantive argument on flight risk in the motion, focusing instead on whether his past convictions for drinking and driving made him a danger to the community that justified requiring him to remain in the custody of the halfway house. *See id*. at 68-70.

At the hearing, he again focused his argument on the issue involving his drinking and driving and being a danger to the community. He raised a constitutional argument on that issue at the hearing that he had not raised in his motion, but the same is not true for his argument on flight risk. He argued generally that he was not a flight risk, but he did not raise the constitutional argument he is now raising on appeal—that requiring him to remain in the custody of the halfway house, as opposed

5

to releasing him to the custody of his mother, is arbitrary and punitive in violation of his due process rights because it is not reasonably related to flight risk. *See id.* at 120-21.

When a party pursues a new theory for the first time on appeal, "we usually hold it forfeited." *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-28 (10th Cir. 2011). We can review a forfeited theory and reverse on that basis "only if the appellant can satisfy the elements of the plain error standard of review." *Id.* at 1130. But if the appellant does not even attempt to show how his new legal theory satisfies the plain error standard, we do not review the argument at all. *See id.* at 1130-31 ("Before us, however, [appellant] hasn't even attempted to show how his new legal theory satisfies the plain error standard. And the failure to do so—the failure to argue for plain error and its application on appeal—surely marks the end of the road for an argument for reversal not first presented to the district court."). Because Mr. Plata Hernandez has not shown how his new constitutional argument on flight risk satisfies the plain error standard, we decline to review it.

### B. Danger to the Community

Mr. Plata Hernandez's argument that the district court was not permitted to consider his criminal history when deciding whether he posed a danger to the community for the purposes of setting conditions of release is inconsistent with the structure and plain language of the Bail Reform Act. He offers no authority to support his argument other than a Supreme Court case that does not address the issue he is raising and does not cast doubt on the district court's decision.

6

The Bail Reform Act ("Act") provides that after a person is charged with an offense, a judicial officer must issue an order regarding the defendant's release or detention pending trial. 18 U.S.C. § 3142(a). As is relevant here, a defendant may be released on personal recognizance or an unsecured appearance bond under § 3142(b) or released on a condition or combination of conditions under § 3142(c). *Id.* § 3142(a)(1)-(2). Section 3142(c) explains the procedure for releasing a defendant on conditions:

> If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person . . .

> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .

*Id.* § 3142(c)(1).

Section 3142(g), which is titled "[f]actors to be considered," provides that the judicial officer shall "take into account the available information concerning" four factors in "determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(g) (boldface omitted). Those factors are: "(1) the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person, including— (A) . . . past conduct, history relating to drug or alcohol abuse, *criminal history*, and record concerning appearance at court proceedings . . . "; and (4) "the nature and

7

seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. § 3142(g)(1)-(4) (emphasis added).

Based on this statutory framework, the district court concluded "that the best interpretation of § 3142 involves considering § 3142(g)'s factors when determining conditions on release under § 3142(c)." Aplt. App. at 45. The court therefore rejected Mr. Plata Hernandez's argument that it could not consider his prior conviction for a DWI when determining whether he was a danger to the community for purposes of setting conditions of release.[1]

Mr. Plata Hernandez never mentions § 3142(c) in his brief nor does he explain how the district court erred in concluding that it could consider the factors in § 3142(g) when determining whether there are adequate conditions of release under § 3142(c)(1)(B) to mitigate flight risk and danger to the community. His argument ignores the plain language and commonsense reading of the Act's statutory scheme. It also ignores the fact that our circuit and other circuits have looked to the factors in § 3142(g) when considering conditions of release under § 3142(c). *See*, *e.g.*, *United States v. Deppish*, 554 F. App'x 753, 755-56 (10th Cir. 2014) (considering § 3142(g) factors when deciding whether the district court imposed appropriate conditions for

---

[1] To lend further support to the district court's conclusion that a judicial officer considers the factors in § 3142(g) in making the determination as to flight risk and danger to the community with respect to § 3142(c)'s conditions of release, § 3142(g) specifically references two conditions of release in § 3142(c) and gives additional instructions with respect to "considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section." 18 U.S.C. § 3142(g)(4).

8

pre-trial release); *United States v. Pickel*, 500 F. App'x 771, 773 (10th Cir. 2012) (concluding the district court properly considered the factors in § 3142(g) for determining the conditions of release); *see also United States v. Vasilakos*, 508 F.3d 401, 410-11 (6th Cir. 2007) (explaining that the Act permits a defendant to be released on conditions and that to determine the least restrictive conditions, "[t]he Act directs a judicial officer to consider" the four factors set forth in § 3142(g)); *United States v. Martin-Trigona*, 767 F.2d 35, 38 (2d Cir. 1985) (explaining that the Act "requires consideration of a person's dangerousness to the community when determining conditions of pretrial release" and that "[u]nder the statute, judicial officers determining whether detention or conditions of release are appropriate must consider" the factors in § 3142(g)).

Instead of addressing the interplay between §§ 3142(c) and (g), Mr. Plata Hernandez's argument focuses only on § 3142(f), which requires the judicial officer to hold a detention hearing in some cases to determine whether any conditions set forth in § 3142(c) will reasonably assure the person's appearance and the public safety. 18 U.S.C. § 3142(f). Section 3142(f)(1) requires a detention hearing in case that involve certain types of more serious offenses that are specifically listed. *See id*. § 3142(f)(1)(A)-(E). Section 3142(f)(2) requires a detention hearing in cases that involve "a serious risk" that the person will either (A) flee or (B) obstruct or attempt to obstruct justice or threaten or attempt to threaten a prospective witness or juror. *Id*. § 3142(f)(2).

9

Mr. Plata Hernandez contends that a judicial officer can only consider the § 3142(g) factors for determining whether a condition of release could mitigate a defendant's danger to the community when a § 3142(f)(1) hearing is held. He argues that "the district court cannot look to an alleged offender's criminal history in determining conditions of release *when* the basis under consideration is *general future dangerousness* *and* the instant offense is not within one of the specific categories of 'extremely serious offenses' identified in § 3142(f)(1)." Aplt. Mem. Br. at 7-8. He further argues that "the subsection 3142(g) factors that relate to general future dangerousness do not apply to a subsection 3142(f)(2) hearing." *Id*. at 8.

But Mr. Plata Hernandez's asserted limitation that the § 3142(g) factors apply only to hearings under § 3142(f)(1), not § 3142(f)(2), is not in the statute's text, and he did not cite any authority to support his interpretation. The plain language of § 3142(f) pertains to what triggers the requirement that a detention hearing be held, not the factors that guide the detention decision. Those factors are listed in § 3142(g), which contains no language limiting the consideration of those factors to hearings held only under subsection (f)(1), not subsection (f)(2). To the contrary, we have recognized that district courts are required to consider the § 3142(g) factors even when the detention hearing is held pursuant to subsection (f)(2). *See, e.g.*, *United States v. Sanchez-Rivas*, 752 F. App'x 601, 603-04 (10th Cir. 2018) (explaining that in a case involving a serious flight risk under § 3142(f)(2), the district court must determine whether there are conditions that could mitigate flight risk and danger to the community and "[i]n making this determination, the district

court is directed to consider [the] various [§ 3142(g)] factors"); *United States v. Gerkin*, 570 F. App'x 819, 822-23 (10th Cir. 2014) (explaining that "[t]he existence of a serious flight risk is the predicate for a detention hearing under § 3142(f)(2)(A), but it does not alone justify detention" and remanding because it was "not clear from the record whether the magistrate judge or the district judge considered the § 3142(g) factors and whether there are conditions of release that could assure [the defendant's] appearance at trial and the safety of the community").

Mr. Plata Hernandez maintains that even if the Act can be read to support the district court's analysis, "infringing on fundamental liberty interests based upon [§] 3142(g) factors to determine future dangerousness *in a subsection (f)(2) hearing* violates substantive due process . . . regardless of whether or not the Act could be read so as to permit it." Aplt. Mem. Br. at 9. For support, he relies on *United States v. Salerno*, 481 U.S. 739 (1987).

In *Salerno*, the Court was considering a challenge to the constitutionality of the provision of the Act that permits an arrestee to be detained pending trial "if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions 'will reasonably assure . . . the safety of any other person and the community.'" 481 U.S. at 741. The Court rejected the defendants' due process challenge, noting that it had "repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest." *Id*. at 748.

Mr. Plata Hernandez points to language in *Salerno* where the Court stated that "[t]he Act operates only on individuals who have been arrested for a specific category of extremely serious offenses." *Id*. at 750. Relying on this language, he argues that *Salerno* indicates there is a distinction between extremely serious crimes that trigger § 3142(f)(1) hearings and other crimes involving flight risk or threat to potential witnesses that trigger § 3142(f)(2) hearings, and that a court cannot consider whether an arrestee is a danger to the community if he is subject to a detention hearing under § 3142(f)(2). But the defendants in *Salerno* had been charged with serious crimes that triggered a § 3142(f)(1) hearing, so the Court had no occasion to discuss the issue, let alone make the distinction that Mr. Plata Hernandez asserts the Court made.

The *Salerno* Court did not consider or address the issue in this appeal. *Salerno* does not support the argument that when an arrestee has a hearing under § 3142(f)(2) based on serious flight risk, which was the basis for Mr. Plata Hernandez's hearing, it is unconstitutional to consider the factors in § 3142(g) that relate to whether he may pose a danger to the community. More specifically, nothing in *Salerno* supports the proposition that a district court cannot consider an arrestee's criminal history, which is one of the § 3142(g) factors, in determining conditions of release under § 3142(c)(1)(B). We therefore reject Mr. Plata Hernandez's argument that the district court erred in considering his criminal history in denying his request to modify his conditions of release.

12

III.  Conclusion

For the foregoing reasons, we affirm the district court's decision denying Mr. Plata Hernandez's Motion to Revoke or Amend Order Denying Motion to Modify Conditions of Release.


                                        Entered for the Court
                                        Per Curiam